Ms. Clerk, would you call the next case, please? 309-0159, Capeland State of Illinois. A counselor by the name of Amanda Griffin v. Jeremy O'Brien, at the lady by the last name Hannah. Uh, Mr. Griffin? Or Ms. Griffin? Pardon? Ms. Griffin? I can tell the difference. May it please the Court, Counsel? This case involves an interpretation of the Illinois escape statute. Um, that statute states that a person in the lawful custody of a peace officer for the alleged commission of a felony offense and who intentionally escapes from custody commits a Class II felony. However, a person in the lawful custody of a peace officer for the alleged commission of a misdemeanor offense and who intentionally escapes from custody commits a Class A misdemeanor. Specifically, what happened in this case is that the trial court, in a pretrial hearing which was requested by the defendant and agreed to by the state, ruled that as a matter of law, the state was precluded from proceeding on a felony escape indictment because, as a matter of law, the defendant was not, quote, in custody for the alleged commission of a felony. How did the issue come up before the court? The issue came up, um, the defense filed a motion, a motion in limine was what they called it, and set forth a People v. Braxton case that, um, states that the nature of the offense, um, is a question of law for the trial court. I noticed in your brief that you ask us to apply, uh, de novo review as the standard of review. Correct. Why is that? Because what the trial court did was hold that, um, this issue was decided as a matter of law and when an issue is a matter of law, the de novo standard of review applies. But it was raised in a motion in limine, and our Illinois Supreme Court's been pretty clear that motion in limines are evidentiary rulings to be reviewed by an abusive discretion standard. It was... I can, I can direct you to a couple of cases recently, um, People v. Jackson. I think it's a 2009 case, uh, 232 Illinois 2nd, 246. Are you treating this as an appeal from the motion in limine? No, Your Honors, and once this proceeding below was concluded, we did realize at that time that what, in fact, and the judge did clarify that what, in effect, the judge actually had done was dismiss the indictment, and she clarified, um, Judge Bertani-Thompson clarified that, in effect, she had dismissed the found indictment against the defendant and precluded the state from proceeding on it, so we are treating this as a dismissal of the indictment based on a finding that as a matter of law we could not proceed, and it's that reason we're asking for de novo review. Okay. Because, I mean, because, in effect, it wasn't really like your typical motion in limine precluding certain testimony. Why didn't you object? Um, we agreed below that the issue was one of law for the trial court to decide the nature of the offense based on People v. Braxton. In Braxton, though, it was a ruling in the context of jury instructions after all the evidence had come in. It was. And really here what the defense was asking was for a motion for a directed finding before any evidence came in. So I'm not sure why you didn't object, and I did interrupt you. Oh, no, that's fine, Your Honor. In retrospect, we probably should have. We did agree to proceed in this manner, and, again, once the proceedings had concluded, we realized that what, in effect, the trial judge had done was dismiss the indictment. But there's only limited grounds, as Mr. Hamill points out in his brief, for a dismissal under the rules of criminal procedure, and this doesn't fall within one of those grounds. So I'm worried that you've waived any issue challenging the basis of the judge's ruling on the motion to dismiss by agreeing to treat it as a motion to dismiss rather than a motion to eliminate. Well, I don't agree that we've waived any issue as to the merits of the trial judge's ruling. Again, it was the defendant in this case who made the motion. We did agree to proceed on this basis. I know there are limited reasons under Section 114 as to why a trial court can dismiss an indictment. We did not object below. As I point out, I believe in a footnote we could have. We're not going to raise that issue before this court now because, again, we did agree in the court below to proceed in this manner. So you're asking us to review the merits of the judge's decision to dismiss the charge. Correct, Your Honor. When we apply de novo review, what are we reviewing? The finding that as a matter of law the state cannot proceed on the indictment. And beside for the propriety of the trial court's dismissing this case, a separate issue which the defendant does raise in his brief and has to be decided by this court would be the jurisdiction of this court to even hear this appeal, which is a different question as to whether the trial court incorrectly dismissed the case. I believe if this court were to pursue that avenue and find that the trial court acted incorrectly in dismissing the case, the correct way to remedy that would be to remand the case for further proceedings. However, regardless of that fact, the defendant contends that this court does not have jurisdiction to hear this appeal in the first instance because, as the defendant contends, the proceedings below constituted a de facto stipulated bench trial because the court looked at some facts and that therefore the court's ruling was in effect an acquittal from which the state cannot appeal. And I'd like to address that issue briefly. In the defendant's brief, he cites to numerous cases, and the state does not disagree with the proposition that the form of the judge's actions or what the judge calls what the judge is doing does not dictate as to whether the case is a dismissal or an acquittal. However, I don't think under any circumstances what can be done here can be considered an acquittal following a bench trial, following a stipulated bench trial. As the defendant concedes in his brief, if this in fact was a stipulated bench trial, that would have been totally improper because a jury waiver was never executed by the defendant. However, I believe that the legal arguments that the defendant relies on for his proposition that there was an acquittal were addressed in the Second District Appellate Court case of People v. Not, which we cite in our brief. There, the defendant made the same type of argument. In that case, at the trial level, the defendant sought a pretrial ruling regarding the applicability of an affirmative defense. The party stipulated to certain facts, and following the submission of those stipulations, the judge dismissed finding that the affirmative defense precluded prosecution. On appeal, the defendant contended that there was no jurisdiction of the appellate court to hear the appeal because what happened below was in fact a de facto stipulated bench trial, which resulted in an acquittal, which of course the state cannot appeal from. The not court disagreed and noted that no interests that the double jeopardy clause sought to be protected were implicated by this pretrial proceeding. The state was not seeking in that pretrial proceeding to convict the defendant, and an opposite ruling, if the trial court had gone against the defendant,  Basically, the court found that what happened in the pretrial proceeding was not a resolution on the merits for purposes of the double jeopardy clause, and that both parties were seeking a more narrow ruling on a motion to dismiss. So I believe that in the first instance, regardless of the propriety of the judge's finding, this court does have jurisdiction to hear this appeal. On the merits, this case involved an interpretation of the clause in custody for the commission of a felony offense for the escape statute. And basically, I believe that the defendant's position is that in custody is tantamount to arrested for, and the state disagrees with that interpretation of the statute. In Brexton and other cases, they found that probable cause to be in custody is not necessary under the statute, and that was decided in different contexts. And a person can be in custody for various things, for various reasons at the same time. In this case, the defendant was originally in custody for traffic violations. He ran from the police. Then he could have been considered in custody for purposes of fleeing or eluding, and both of those are misdemeanors, offenses, and that's where the defendant's argument lies. However, after he was caught the first time and put into a police car, the police noticed that he had the copper wire in his car. The passenger that was in his car was being very evasive when questioned about the defendant. The defendant, of course, had fled. The police officers were going to and, in fact, did investigate the copper wire that was in the car. And so the state's position is now that any time a person is in the custody for a misdemeanor offense and the state later uncovers the fact that he had committed a prior felony, that that can elevate the statute to a felony offense. However, in this case, the custody was contemporaneous with the investigation into what ultimately was found to be a felony offense. So the state disagrees that in custody has to mean actually arrested. It didn't. I mean, they investigated, but it wasn't until the next day, was it? Well, they began their investigation that night. Immediately after the defendant escaped, the passenger- The first time or the second time? The second time, or until they found him the next day. The passenger actually informed the police officers where the copper wire came from. They didn't know that before he escaped, but they did know that that day. They couldn't go any further with the investigation because the place, I think it was an excavation company. I don't believe that they were open at the time of night. So the police immediately went to where the passenger had told them that the copper wire came from the next day when they had the opportunity to, and the officer showed the owner of that company a picture of what was in the car, and the owner identified that as property that was taken from him. So I think what we can look at here is that the investigation began while he was in custody, and I think that falls into what the appellate court found in People v. Skillin to be a problem, is that the defendant shouldn't be rewarded for his good timing in when he escapes, and I think that that's exactly what occurred here. When he was in custody, the investigation into the copper wire began. That investigation ultimately led to his arrest and being charged with a felony theft. So the fact that the defendant had the good thought to escape before the crime could be fully investigated, I don't believe he should be rewarded for that. I think we should look at the fact that he was in custody. The investigation began contemporaneously with that custody. He wasn't in custody for anything, having to do anything with this copper wiring, was he? He was in custody arrested, if he was even arrested at that point, for speeding and maybe fleeing and eluding. I don't know if any arrest reports had been made at the time, but he was also in custody as part of an investigation into the copper wire. Counsel, you're struggling with the facts and whether he was in custody for a speeding ticket or a speeding offense or a theft, which would be elevated by virtue of his residential burglary conviction, not based on the value of the copper. But you're arguing facts when there was no stipulation of the facts. In fact, during the hearing, you tried to object to what defense counsel was arguing, and the judge says, no, sit down, sit down. He's just arguing the facts in the police report for purposes of this motion. How can we apply the law to facts that we don't have? And if you are agreeing that these are the facts, that stipulation or that acknowledgement, doesn't that support Mr. Hamill's argument that this is an acquittal because there was a stipulation of these facts in the court ruling? I don't believe it supports the defendant's argument that this is an acquittal. Again, an acquittal has to be something following a trial on the merits. Are the facts that you're arguing today, are you stipulating to those facts or are you agreeing they're not facts? They were just informal offers of proof that the parties were bantering about for purposes of the motion. There was no formal stipulation below. It was just facts that we both agreed to that were shown by the police reports. And it is problematic that the trial court did not make specific findings of fact in her ruling. How could she? Well, for instance- Was it testimony? No. The trial court could have said what she believed the defendant was in custody for exactly. If there's no further questions. Thank you. Thank you. Ms. Griffin. And Mr. Hamlin. Good afternoon, Your Honor. Please support the counsel, Fletcher Hamlin. I represent Jeremy O'Brien. Your Honor, this appeal needs to be dismissed. And I'll start with where the state left off in this last point because this really illustrates the problem here. We're talking about facts. The judge made a ruling based on facts. The state is asking you to take the facts of this case and make a substantive legal ruling that an element of the offense was proved. And the defense in the trial court asked the judge and received the ruling that an element of the offense was not proved. When an element of an offense is not proved, it's an acquittal. Was there a jury demand in this case? Or jury waiver? Jury demand or jury waiver. Neither. There was neither. And if there was error procedurally, that was the error, is that the judge should not have done a stipulated bench trial without taking a jury waiver. That would be my objection. And I'm not making that objection today. And more importantly, what that does not do is that does not turn this into a void order. So because the judge has the power to do a stipulated bench trial, she has the power to take a jury waiver. And if she fails to take a jury waiver before she does a stipulated bench trial, certainly the defendant could argue that on appeal and it would be voidable. But it doesn't make it void. She has the authority to enter that order at the conclusion of the trial. And now since the state has, even today, waived its argument that there is procedural error here, there's really no relief that you can give to them. Certainly if it wasn't proper for the judge to consider the facts of this case and to issue a ruling as to an element of the offense, then it's no more proper for this court to consider the facts of this case and issue a legal ruling on the merits at this point. So based on that... So are you suggesting that the facts, although the word stipulation wasn't used, that there was an agreement that these were the facts? I would say that there was. And when both parties proffered the same facts, and it's true they didn't say the word stipulation, but they both proffered the same facts. And I think it's clear from the context of the hearing that they were in agreement. This is what happened. Or this is what the evidence would prove. And if I understood counsel correctly, I think she said that we agreed these were the facts in the police report. Right. So do you consider that a stipulation? I consider it a stipulation, and obviously they shouldn't have done it this way. What's your standard of review? Well, I think it is reasonable, but I have a different reason than the state does. The authority I cited in my brief is People v. Smith, and that's the standard of review for reviewing a verdict when the facts are agreed. And that's what I think happened here, is you have agreed facts, and you're asking how is the law applying these agreed facts. And that would be the Smith case. Obviously in Smith it was a guilty verdict. Okay. So where do you get from there? What relief did the trial court give your client? Well, the trial court ended up issuing an acquittal. She took a stipulated bench trial. Her error was she didn't take a jury waiver first. Had she taken a jury waiver and had to call this a stipulated bench trial, there would be no question that this was an inappropriate circumstance. So the judge... You don't think it's a dismissal? I don't. For one thing, it wasn't called a dismissal, but I would agree with the state that labels don't matter. It's not for any of the reasons that would be proper for a dismissal. It's not for anything related to any of the reasons that... But that's something, I mean, it doesn't have to fit under the statute, right? I mean, there are case laws made it clear that other things that have the same effect as a dismissal. Well, there's people versus love. True. There's people versus love. There's people versus the Heinzman. Right. And it's actually going more towards 604A, an appeal of orders by the state, where things that are not on the list are also appealable. But when you look at what those things are, what those orders are, they're either very closely related, like love, where it's a constitutional speedy trial violation as opposed to a statutory speedy trial violation that is on the list. Or it's something that shares the same characteristics, and those characteristics being it's procedural, has nothing to do with the merits of the case, and has nothing to do with the guilt or innocence of the defendant. And Heinzman was a discovery violation. It has nothing to do with the merits of the case. You look at this case, it's the facts of the case. It's was he guilty or not, and that's really what the question was. Was this element of the offense proved? And I would point out United States v. Scott, which is United States Supreme Court and, obviously, a Double Jeopardy Clause case, which was actually more narrow than our Article I, Section 6. But in people versus Scott, or just to be a Scott, the Supreme Court has held that an acquittal is a finding in the defense favor of some or all of the elements of the offense. And that is, obviously, for me, on some. It doesn't have to be all of the elements of the offense. It can be just one. And it just so happens in this case, although it's not really necessary, I don't think, for my argument, but it's worth noting that this is the one element that is contested in this case. And you take this element out, and there's really nothing left to fight about. So it is, effectively, an acquittal here. And although also important, and this is where the not case comes into play, that the State cites in the reply brief. Had this gone the other way, what would have happened is you would have had a judicial finding as a matter of law that the defendant was in custody for a felony at time of the escape. That's an element of the offense, and it would have been found proved by the judge. In the State's written response. If the judge had made the other decision in this motion in limine hearing, that would have been approved, that would have been taken away from the jury because the judge found it? Yes, and as a matter of fact, in their written response to the defendant's motion, the State, on page 84 and 85 of the common law record, the State specifically argues to the judge that after making that finding in their favor as a matter of law, she would then instruct the jury on the existence of this element of the offense. So, yeah, absolutely. This would have been taken from the jury. And it will be if your honors agree with the State here. But under Brexton, that's allowable because all you have to do is prove the theft and then the instructions will be given whether the judge will decide whether it was a felony or misdemeanor based on prior criminal. Well, Brexton. I'm sorry. No, no. Okay. Brexton. Brexton. Okay. I mean, Brexton says that if you have a theft and the officer is investigating it and the guy has a prior criminal history that will enhance it to a felony, that's enough. Right. Well, Brexton. I have two problems, Brexton. First of all, the public court is running in 2003, and they say there's an element of the offense that doesn't have to be proved to the jury. And that can't be right, okay? I have to agree with you. That's two years after Apprendi. I think it was poorly worded. I think what the public court meant was that if you know what the offense is, say theft, the question of whether or not that offense is a felony or a misdemeanor is something that can be determined by resorting to statute and taking judicial notice of the statute. I agree. And the judge can do that. That's what Brexton means. I agree. It can't mean that the judge finds it. That's not how it was presented to the trial judge, though. True. And that's kind of the root of the problem here is the parties took that and took it to mean that we can now go in and decide which felony or which offense. Do you think it's an abuse of discretion to treat a motion in limine, which is an evidentiary ruling on the admissibility of certain evidence, as a motion to dismiss? I think it could be. But here we have invited error because the state agreed. Right. And the fact is continuing to abandon that argument now. So I don't think, and I don't think it makes it void. So even if it is an abuse of discretion, it's not a void order. It's just voidable. And since the state's not asking to reverse it, then it has to stand. There's nothing really to do except dismiss the appeal. Tell me again how we can consider this an acquittal when not a single witness was sworn and no evidence was taken. We can consider it as a stipulated bench trial. And the case I cited in my brief, and I'm not finding it right now, unfortunately, but stipulated bench trials exist. The rule is that jeopardy attaches when the parties agree to certain evidence and the judge considers that evidence to determine guilt or innocence. So you had that here. You had the parties both proffer the same evidence, which I would say is the same thing as stipulating to it. And then you had the judge consider that evidence and rule on guilt or innocence, at least on one element. And one element is enough under United States v. Scott. So that's how you get an acquittal out of this case. And then I would also add, I'm sorry. No, no, no. Finish your thing. That even if it's not an acquittal, it still has to be something that's authorized under Rule 604A. There are plenty of orders out there that are not acquittals that are still not appealable by the state. It still has to be something that's authorized under 604A. And that's where Love and Heinzman come back in, where this is not on the list in 604A, but it's not anything like anything on the list. And the list shouldn't be expanded to include an order like this, because this is, again, on the merits. I would like to hear you talk about the merits of the issue, if you don't mind. Sure. If I'm jumping the gun, Judge Wright, please. No, no, no. On the merits, I think this is a pretty straightforward case. The statute says you have to be in custody for the alleged commission of a felony. The most relevant meaning for this case is because of. The defendant in this case was clearly not in custody because of his commission of a felony at the time that he escaped. He was at best in custody for fleeing, resisting arrest, resisting a police officer, something like that, which is a misdemeanor. And it gets difficult here because, and I heard the state talk about what the officer knew at the time that the defendant escaped. It's a little difficult because we don't really know when the defendant escaped. And we don't really know just how far into this conversation between the police officer and the passenger he escaped. But he was discovered missing after the officer had apparently seen copper wire and thought, that's odd. Now, it's true, it's not a question of whether or not there's probable cause. There obviously wasn't probable cause. But there has to be some reason that the officer has to consider him to be in custody for escape, or for a felony. The officer's not holding him in custody because he saw the copper wire. And not only is that not the reason, it's not any of the reasons. It's a coincidence that he's seen the copper wire at this point. So he's not in custody for it. And the state talks about this being a problem, my position being a problem, because it rewards the defendant for fleeing early. But that's always going to be, there's always going to be that factor in these cases. Because even as the state, I think, would admit, the first time he fled was not felony escape. Because, I guess in their position, because the officer hadn't seen the copper wire. Well, if it was okay to reward him for fleeing that early, it's not a question of do we draw a line between escaping early and escaping too late and being guilty of escape. It's a question of where do we draw the line. And the legislature has drawn that line for us. They've drawn the line at the point where he becomes in custody for the felony. And this defines as clearly not in custody for the felony at the time that he escaped. So that would be my position on the merits. Counselor, you have two minutes. Thank you. Actually, unless your honors have any questions, I don't think I have any. Okay, I think we're done. Thank you. Thank you. Ms. Griffin, your rebuttal. Thank you, your honors. I'd like to just briefly again address the question of whether this was an acquittal in this case, because I believe that that's very important. And I understand the defendant's position to be that simply because the trial court considered some facts in making her decision to dismiss this appeal, that that transformed this into an acquittal. And again, I believe that this issue is entirely considered by the not court, where the defendant made the same exact argument there. The trial court had considered facts in dismissing a case. And the defendant believes that the finding by the trial court was an acquittal of one of the elements of the charge against the defendant. But there's nothing in the case to suggest that any of the parties or the trial court meant to extend its ruling besides in the context in which it was made to dismiss the indictment against the defendant for the felony charge. The record doesn't indicate that the parties were to be bound by the stipulation outside the context. And again, if the trial court had gone the opposite way, it would not have been a finding of guilt against the defendant. And as to whether Braxton is correctly or incorrectly decided, in Braxton, the court specifically... Mr. Hamill suggested that that would have been part of the instructions. If it had gone the other way and the trial court found that it was in custody for a felony, that he would have made that part of the instructions as an element, rather, of the crime. Would that have been the case, in your view? That probably would have been asked to be put in the instructions that he had committed a felony. However, I don't think that the trial court's ruling on the motion to dismiss... She was not bound by that ruling in the context of whether the defendant could ask after a trial, and the evidence was actually presented at the trial, to change her mind. This was just to allow the state to proceed on a felony indictment. The judge was not bound by her finding later on after listening to the evidence in this case, and I think that that's an important distinction. The defendant makes mention of a point he brings up in his brief as to whether Braxton applies solely to the nature of the offense, or if it can apply to the identity of the offense. And it's the state's position, Braxton says what it says, that the nature of the offense is a question of law for the trial court. Whether this court agrees that that's correctly decided or not, I believe that Braxton, by its holding, would apply similarly to the identity of the offense and the nature of the offense. The court doesn't make any distinction, and I think, practically, it makes sense in a way, because if the trial judge is considering the nature of the offense, whether misdemeanor or felony, the defendant suggested that in Braxton it was based on a statutory interpretation. However, the nature of the offense, whether it's a felony or misdemeanor, is not always dependent on just a statutory interpretation. It could be based on facts, whether the state proved a certain amount over $300, under $300. So I think that what the court tried to do here is, in the People v. Kunitz case, which we cite in our brief, the court there specifically said that the sole function of the jury in resolving the issue in an escape case is to determine whether, from the evidence presented, the defendant actually escaped. And they're leaving the question of what the nature of the offense was that he escaped from, and the state believes that also the identity should be included in that. And after the court makes that finding and puts it into the instructions, if he was in custody for a felony or misdemeanor, then just leave it to the jury to decide whether he, in fact, escaped. Thank you. So I believe that Braxton would apply equally to the nature and the identity of the offense. Which two offenses were you hoping the judge would decide between for purposes of custody? Either a misdemeanor or the felony. What was the misdemeanor? We didn't specify below because, again, I don't think that the defendant was ever formally placed under arrest for anything at that time. The defense's argument was that the most he could have been in custody for was the traffics or, at most, fleeing and eluding. Go ahead. I'm sorry. I've done it again. I thought he was in the second after the first escape. He was in the officer's car. Correct. And handcuffed. He was. He's an intrepid guy. But beyond that, so, I mean, he must have been arrested for something. Correct. And at that time, I would agree that he was only arrested, formally arrested, for a misdemeanor offense, whether it was traffics or fleeing and eluding. However, I don't think in custody should be acquainted with under arrest. And we would ask that this court reverse the child court's dismissal. I don't want you to think I'm a foolish old woman, and I want you to understand why I asked that question. If the state's position was he was in custody for a theft when he was handcuffed in the squad car the second time, and the issue was, was that theft, a misdemeanor, or a felony, then that's a question of law. If the state's position is, as you've just indicated, he was in custody for a misdemeanor fleeing and eluding, then it's a question of fact whether that's a misdemeanor or a felony. So it's very important to me to understand whether you were asking the judge to decide a question of fact or a question of law. And I think you were asking the judge to decide a question of fact. That's why I asked that question, and I just want you to understand that. Correct, and I believe that would be an interpretation of what Braxton actually holds. If the Braxton court holds that it's just the nature of the offense, it's a felony or a misdemeanor, or if it could include the identity. It's the state's position that Braxton includes the identity. Thank you. Thank you, Ms. Griffin. And thank you both for your argument today. We will take this matter under advisement and get back to you with a written disposition within a short time. We'll now take a short recess.